Myer v. Jacobs.

---

THEODORE A. MYER *v.* ABRAHAM S. JACOBS.

In general, a factor has a lien for his general balance on the property of his principal coming into his hands.

A commission merchant advanced money to his principal on his indorsement, and charged the note, upon which the advance was made, in his general account—*Held,* that the mere charging of the note to the principal did not entitle the latter to its possession. The agent had a right to retain it as his principal's property, until he was paid the balance of his general account arising in the course of their dealings.

APPEAL by the defendant from a judgment in the Third District Court. The facts are fully stated in the opinion of the Court.

*E. A. L'Amoureux* for appellant.
*Cornelius A. Runkle* for respondent.

BY THE COURT.—HILTON, J.—It appears that the plaintiff employed the defendant to sell merchandise consigned to him, upon commission. During this employment, the defendant advanced to the plaintiff the amount of the note in respect to which this action is brought. The note was indorsed by the plaintiff, and, not being paid at maturity, it was with his apparent assent—certainly without objection on his part—charged to their general account.

The plaintiff insists that thus charging the note to him, made it his property, and he was entitled to it without reference to the state of their account; while on the contrary, the defendant claims that he has a right to retain the note until he is paid the general balance due him from the plaintiff.

The Justice seems to have regarded the charging of the

note to the plain
therefore ruled on
actual balance c
to the defendant,
the defendant of
this balance.

. This was erron
a lien upon the r.
have been upon
into his hands in
and which he w
ance of his gener
ings. *Knizer* v.
*ance Co.,* 1 Burr,
10 Paige, 205;
Mercantile Law,
*Birch,* 6 Term I
" There is no do
settled, that it o
that, in general,
the property of
1 Burr. 494 (s.
tached to a poli
goods consigned

Here, the ac
ant claims was
plaintiff seeks
while he refus
should not be

Judgment re

Myer v. Jacobs.

made to the plaintiff as entitling him to its possession, and therefore ruled out all evidence showing that there was an actual balance of accounts admitted by the plaintiff to be due to the defendant, arising out of his factorage, and also that the defendant offered to deliver up the note upon being paid this balance.

This was erroneous. The defendant as agent or factor had a lien upon the note, and also on the judgment which seems to have been upon it. These constituted property which came into his hands in the course of his dealings with the plaintiff, and which he was entitled to retain until he was paid the balance of his general account arising in the course of those dealings. *Knizer* v. *Wilcox*, Amb. 252; *Godin* v. *London Assurance Co.*, 1 Burr, 494; 2 Kent. Com. 640; *Knapp* v. *Alvord*, 10 Paige, 205; *Bruce* v. *Brooks*, 26 Wend. 367; Parson's Mercantile Law, 161; 1 Parsons on Contracts, 84; *Walker* v. *Birch*, 6 Term R. 262. In the latter case, Lord Kenyon said, "There is no doubt, and, indeed, the point has been so long settled, that it ought not now to be brought into dispute, but that, in general, a factor has a lien for his general balance on the property of his principal coming into his hands;" and in 1 Burr, 494 (*supra*), Lord Mansfield held that this lien attached to a policy of insurance in the hands of a factor, upon goods consigned to him by his principal.

Here, the account shows that the balance which the defendant claims was caused by charging the note in it, and yet the plaintiff seeks by this action to have the benefits of the charge, while he refuses to pay the balance which it creates. This he should not be permitted to do.

Judgment reversed.